IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-501-RJC-DCK

| | |
|---|---|
| PAUL G. PODGORSKI, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| MICHAEL P. EGAN, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Federal Deposit Insurance Corporation's Motion To Dismiss . . . " (Document No. 3). See also (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Paul G. Podgorski ("Plaintiff" or "Podgorski"), appearing *pro se*, initiated this action with the filing of a "Complaint For No-Contact Order For Stalking Or Nonconsensual Sexual Conduct" (Document No. 1-1, p.2) (the "Complaint") in the district court of Mecklenburg County, North Carolina on August 17, 2017. The Complaint alleges that Plaintiff has been bullied, harassed, and physically attacked over the past eighteen (18) months, to include a physical attack on August 1, 2017, by Michael P. Egan ("Egan" or "Defendant"). (Document No. 1-1, p.2).

Plaintiff and Defendant are both employees of the Federal Deposit Insurance Corporation located in Charlotte, North Carolina. (Document No. 1, p.1). Defendant Egan is Plaintiff's immediate supervisor. Id. The Complaint seeks entry of a restraining order prohibiting Egan from

visiting, assaulting, molesting, abusing, harassing, injuring, contacting, or otherwise interfering with Plaintiff.  (Document No. 1-1, p.3).

Also, on or about August 17, 2017, Plaintiff "swore out a criminal assault charge against Mr. Egan before a magistrate of the Mecklenburg District Court."  (Document No. 3, p.2) (citing Document No. 3-3).  The criminal matter was apparently scheduled for a hearing on September 22, 2017.  (Document No. 3-3); <u>see also</u> (Document No. 6, p.1).

The Federal Deposit Insurance Corporation ("FDIC" or "Movant") filed a "Notice Of Removal" (Document No. 1) with this Court on August 21, 2017.  The FDIC contends that jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1442(a)(1), commonly referred to as the officer removal statute.  (Document No. 1, p.2).  Moreover, the FDIC notes that it is a government corporation and an agency of the United States, and that it is well settled that 1442(a)(1) allows federal officers and those acting on behalf of the United States to remove state court actions brought against them to federal court if two requirements are met."  (Document No. 1, p.3) (citations omitted).

> First, the state court action must challenge actions taken by the federal employee "in an official or individual capacity, for or relating to any act under color of such office." *Hendy v. Bello*, 555 Fed. Appx. 224, 225-26 (4th Cir. 2014) (quoting 28 U.S.C. § 1442(a)(1)).  Stated another way, the federal officer "must show that an action has been commenced against [him] in a state court, which is based on an act the federal officer performed while on duty at the officer's place of federal employment." *Sidler v. Snowden*, Civ. No. AW–13–658, 2013 WL 1759579, at *1 (D.Md. Apr. 23, 2013) (internal citation and quotation marks omitted).  Second, the federal employee must raise a "colorable federal defense." *Id.* at 226; *accord Mesa v. California*, 489 U.S. 121, 129 (1989).

Id.

On August 31, 2017, the FDIC filed the pending motion to dismiss, asserting that this case must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because Plaintiff's claim is barred by the

2

Government's sovereign immunity.  (Document No. 3, p.1).  The Court issued a "Roseboro Notice" (Document No. 5) on September 1, 2017, advising *pro se* Plaintiff of his right to respond to the motion to dismiss.  Plaintiff's "Motion to Deny Defendants Motion for Dismissal" (Document No. 6) was timely filed on September 13, 2017, and has been construed by the Court as a response.[1]  The Movant FDIC then filed its "…Reply Memorandum In Support Of Its Motion To Dismiss The Complaint" (Document No. 9) on September 14, 2017.

The pending motion to dismiss is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, 945 F.2d at 768.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

---

[1] Pursuant to Local Rule 7.1(c)(2), motions shall not be included in responsive briefs;  rather, each motion must be set forth as a separately filed pleading.

## III.  DISCUSSION

The filings before the Court suggest that the relationship between the parties, both employees at the FDIC, has been contentious since at least early 2017.  See (Document Nos. 1-1, 3-1, 3-2, 3-3, 3-4, 13-2 ,13-3, and Document No. 6, p.2).  Based on that history and an alleged assault on August 1, 2017, *pro se* Plaintiff filed the underlying Complaint.

The FDIC argues that this civil complaint seeking a restraining order prohibiting Defendant Egan from any contact with Plaintiff must be dismissed under Rule 12(b)(1) because Egan is a government officer acting in his official capacity who is shielded by sovereign immunity. (Document No. 13, p.5).  Movant's summary of applicable law is instructive:

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  A suit against a government officer in his official capacity is really "a suit against the official's office," and so officers acting within their authority generally also receive sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *See U.S. v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) ("Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed.") (internal quotation marks omitted).  Plaintiff Podgorski cannot point to an unequivocally expressed waiver of the FDIC's sovereign immunity.
>
> In the civil complaint that he filed in the Mecklenburg District Court, the sole relief that Podgorski requests is a restraining order prohibiting Mr. Egan from having any contact with him.  The only potential source of a waiver of sovereign immunity for this claim is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA").  The FTCA contains a limited waiver of the federal government's sovereign immunity with respect to certain state law claims.  But **the FTCA's waiver applies only to civil suits seeking damages, and does not encompass state law actions seeking restraining orders or other non-monetary relief**. *See* 28 U.S.C. § 1346(b); *accord Hendy v. Bello*, 555 Fed. Appx. 224, 226 (4th Cir. 2014) (recognizing that "the FTCA by its plain terms applies only to suits seeking money damages").

4

Id. (Emphasis added).

Plaintiff's response fails to address the FDIC's argument for dismissal or any of the legal authority relied on by the FDIC. (Document No. 6). In fact, Plaintiff does not dispute that sovereign immunity precludes this civil lawsuit against Mr. Egan. Id. Instead, Plaintiff reasserts that he was attacked by Mr. Egan, and notes that there is a "separate criminal proceeding" and that "evidence will be presented to that court." Id. To the extent Plaintiff complains that he has been prevented from presenting legal arguments or evidence to this Court, the undersigned is not persuaded that any of the purported evidence addresses the jurisdiction of this Court, and would thus alter the undersigned's recommendation. (Document No. 6, pp.1-2).

In reply, the FDIC notes that Podgorski has "failed to identify a federal statute in which the federal government unequivocally waived its sovereign immunity with respect to restraining orders restricting the conduct of federal supervisors." (Document No. 9, p.1).

The undersigned finds the FDIC's arguments and authority to be persuasive here, and especially lacking any meaningful rebuttal from Plaintiff, it appears this matter should be dismissed. The undersigned expresses no opinion as to whether other legal relief, including through the apparent state court criminal proceedings, is appropriate regarding the underlying events.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Federal Deposit Insurance Corporation's Motion To Dismiss . . ." (Document No. 3) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 26, 2018

David C. Keesler
United States Magistrate Judge